IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

EAST CENTRAL ILLINOIS HEALTH & )
WELFARE FUND, EAST CENTRAL ILLINOIS )
PIPE TRADES PENSION FUND, EAST )
CENTRAL ILLINOIS PIPE TRADES 401(k) )
FUND, PLUMBERS & PIPEFITTERS LOCAL )
UNION 149 JOINT APPRENTICESHIP )
COMMITTEE – EDUCATION FUND, )
PLUMBING, HEATING &  COOLING )
CONTRACTORS ASSOCIATION OF CENTRAL )
ILLINOIS – EMPLOYER FUND, PLUMBERS )
AND SUBSTANCE ABUSE PREVENTION )
CORPORATION OF EAST CENTRAL ILLINOIS,)
PLUMBERS & PIPEFITTERS LOCAL UNION )
149 MARKET RECOVERY FUND, PLUMBERS )
& PIPEFITTERS LOCAL UNION 149 TRAINING )
FACILITY FUND, PLUMBERS & PIPEFITTERS )
NATIONAL PENSION FUND, )
INTERNATIONAL TRAINING FUND, AND )
UNITED ASSOCIATION OF JOURNEYMEN )
AND APPRENTICES OF THE PLUMBING AND )
PIPEFITTING INDUSTRY LOCAL UNION 149, )
        )
                Plaintiffs,      )
        )
v.         )       Case No.
        )
CLARK PLUMBING & HEATING    )
CHAMPAIGN, LLC     )
        )
                Defendant.       )

## COMPLAINT

### Count I: Delinquent Contributions and Report Forms

NOW COME Plaintiffs, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH &

WELFARE FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP,

complaining of the Defendant, Clark Plumbing & Heating Champaign, LLC, and allege as

follows:

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. §185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other payments owed to the Plaintiffs.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present one. (See, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (See, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Defendant, Clark Plumbing & Heating Champaign, LLC, maintains its principal place of business in Champaign, Illinois, which is located within the venue of the Urbana Division of the District Court for the Central District of Illinois.

5. The Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the LMRA and ERISA (as amended), 29 U.S.C. §1001 *et seq.* A copy of the pertinent provisions of the trust agreement for Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6. The East Central Illinois Pipe Trades Health & Welfare Fund is the collection agent for the other named Plaintiffs, which are employee benefit funds, labor organizations, and labor-management committees/funds established pursuant to collective bargaining agreements

between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

7. Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, receives fringe benefit contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

8. The Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §1002 (5), (11), (12), and (14).

9. Defendant signed the Non-Association Employers Standard Form Contract for Adoption of Agreement on October 27, 2017, which bound Defendant to the Plumbing and Pipefitting Industry Commercial Labor Agreement between Employing Plumbing, Heating, and Cooling Contractors Association of Central Illinois and Plumbers and Pipefitters Local Union No. 149 of the United Association AFL-CIO for the period of June 1, 2014 through May 31, 2018.  The Adoption of Agreement and the Commercial Labor Agreement are attached hereto, and fully incorporated herein, as **Exhibit B** and **Exhibit C**, respectively.

10. Defendant signed the Plumbers and Pipefitters National Pension Fund Standard Form of Participation Agreement on October 27, 2017.  The National Pension Fund Participation Agreement is attached hereto, and fully incorporated herein, as **Exhibit D.**

11. Defendant signed the East Central Illinois Pipe Trades Health & Welfare Fund Participation Agreement for Bargaining Unit Personnel on October 27, 2017.  East Central Illinois Pipe Trades Health & Welfare Fund Participation Agreement is attached hereto, and fully incorporated herein, as **Exhibit E.**

12. Defendant signed the National Service & Maintenance Agreement on December 1, 2017. The National Service & Maintenance Agreement is attached hereto, and fully incorporated herein, as **Exhibit F**.

13. Defendant signed the Subscription Agreement on June 1, 2018, which bound Defendant to the Plumbing and Pipefitting Industry Commercial Labor Agreement between Employing Plumbing, Heating, and Cooling Contractors Association of Central Illinois and Plumbers and Pipefitters Local Union No. 149 of the United Association AFL-CIO for the period of June 1, 2018 through May 31, 2023. The Subscription Agreement and the Commercial Labor Agreement are attached hereto, and fully incorporated herein, as **Exhibit G** and **Exhibit H**, respectively.

14. Defendant has not terminated Exhibits B – H (hereinafter collectively referred to as "Agreements").

15. Defendant performed work covered by the Agreements within Local Union #149's jurisdiction.

16. Defendant employed individuals who are members of, and represented by, the Union, and said individuals are participants in Plaintiffs' employee benefit funds pursuant to the various Agreements.

17. Defendant employed individuals during the period of October 27, 2017 through current, and Defendant is required to submit to Plaintiffs fringe benefit contributions and other payments/check-offs as provided for by the Agreements.

18. Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. 29 §1145), the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Agreements and Plaintiffs' multiemployer plans. The Collection

and Audit Policy of the East Central Illinois Pipe Trades Pension Fund and the Plumbers & Pipefitters Local 149 JAC Education Fund is attached hereto and incorporated herein as **Exhibits I**. (<u>See also</u>, Exhibits A – H).

19. Defendant breached the Agreements it signed or was otherwise bound to by failing to properly and timely remit fringe benefit contributions and check-offs to Plaintiffs during the period of October 27, 2017 through current.

20. Specifically, Defendant has failed to remit any fringe benefit contributions and check-offs for May 2018 as well as the period of July 2018 through current.

21. Defendant has also failed to submit all of the required remittance report forms to Plaintiffs for May 2018 as well as the period of July 2018 through current.

22. Defendant's failure to submit the outstanding report forms makes it impossible for Plaintiffs to know the full amount of contributions and other amounts currently owed by Defendant.

23. Plaintiffs are, therefore, unable to determine the full amount of contributions due as a result of Defendant's omissions, unless Defendant submits the required remittance report forms.

24. Defendant has also underreported fringe benefit contributions and check-offs for the months of October 2017, December 2017, and January 2018.

25. Defendant has also failed to timely remit fringe benefit contributions to Plaintiffs for the period of January 2018 through April 2018 and the month of June 2018.

26. Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions to Plaintiffs.

27. Defendant has, without good cause, failed to submit report forms and remit fringe benefit contributions and check-offs, despite its contractual obligation to do so.

28. Pursuant to Exhibit A and 29 U.S.C. §1145, Defendant owes 10% in liquidated damages and 9% in interest on the delinquent contributions owed the East Central Illinois Pipe Trades Health & Welfare Fund. (See, Exhibit A).

29. Pursuant to Exhibit D and 29 U.S.C. §1145, Defendant owes 10% in liquidated damages and 12% in interest on the delinquent contributions owed the Plumbers and Pipefitters National Pension Fund. (See, Exhibit D).

30. Pursuant to Exhibit I and 29 U.S.C. §1145, Defendant owes 10% in liquidated damages and 9% in interest on the delinquent contributions owed the East Central Illinois Pipe Trades Pension Fund and the Plumbers & Pipefitters Local 149 Joint Apprenticeship Committee - Education Fund. (See, Exhibit I).

31. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*   \*   \*
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,

  (C)  an amount equal to the greater of –

    (i) interest on the unpaid contributions, or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as May be permitted under Federal and State law) of the amount determined by the court under subparagraph (A),

  (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)  such other legal or equitable relief as the court deems appropriate.

  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

  (See, §1132(g)(2) of ERISA)

32. Pursuant to the exhibits and 29 U.S.C. §1145, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses incurred by the Plaintiffs in the collection of the amounts owed.

  WHEREFORE, Plaintiffs pray as follows:

  A. That judgment be entered in favor of the Plaintiffs and against Defendant, Clark Plumbing & Heating Champaign, LLC, for all such monies due—including delinquent contributions, check-offs, liquidated damages, interest, audit costs, and all applicable statutory remedies, for the time period of October 27, 2017 through current—at the time Judgment is rendered;

  B. That Defendant be ordered to immediately submit the outstanding remittance report forms and to perform all of its contractual obligations to Plaintiffs;

C.  That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and the applicable agreements; and

D.  That Plaintiffs are awarded, at Defendant's costs, such further and other relief as may be available under ERISA, the applicable agreements, or as is otherwise deemed just and equitable, all at Defendant's cost.

### Count II – Compel a Payroll Audit of

NOW COME Plaintiffs, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, Clark Plumbing & Heating Champaign, LLC, and allege as follows:

1-18.  Plaintiffs reallege and incorporate by reference Paragraphs 1 through 18 of Count I as if fully stated herein.

19.  Pursuant to Exhibits A, C, D, H, and J, Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendant. A copy of the pertinent provisions of the trust agreement for Plaintiff, East Central Illinois Pipe Trades Pension Fund is attached hereto as **Exhibit J** and fully incorporated herein and made a part hereof by this reference.

20.  Defendant has failed to submit all of the required remittance report forms to Plaintiffs for May 2018 as well as the period of July 2018 through current.

21.  Defendant's failure to submit the outstanding report forms makes it impossible for Plaintiffs to know the full amount of contributions and other amounts currently owed by Defendant.

22. Plaintiffs are, therefore, unable to determine the full amount of contributions due as a result of Defendant's omissions, unless Defendant submits the required remittance report forms.

23. Defendant owes Plaintiffs fringe benefit contributions and check-offs for the hours of work performed by its employees under the Agreements for the time period of October 27, 2017 to present that Defendant did not report to Plaintiffs.

24. Pursuant to Exhibit A and 29 U.S.C. §1145, Defendant owes 10% in liquidated damages and 9% in interest on the delinquent contributions owed the East Central Illinois Pipe Trades Health & Welfare Fund. (See, Exhibit A).

25. Pursuant to Exhibit D and 29 U.S.C. §1145, Defendant owes 10% in liquidated damages and 12% in interest on the delinquent contributions owed the Plumbers and Pipefitters National Pension Fund. (See, Exhibit D).

26. Pursuant to Exhibit I and 29 U.S.C. §1145, Defendant owes 10% in liquidated damages and 9% in interest on the delinquent contributions owed the East Central Illinois Pipe Trades Pension Fund and the Plumbers & Pipefitters Local 149 Joint Apprenticeship Committee - Education Fund. (See, Exhibit I).

27. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *     *     *

**(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

**(A)** the unpaid contributions,

**(B)** interest on the unpaid contributions,

**(C)** an amount equal to the greater of –

**(i)** interest on the unpaid contributions, or

**(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

**(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and

**(E)** such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

28. Pursuant to the exhibits and 29 U.S.C. §1145, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses, including audit costs, incurred by the Plaintiffs in the collection of the amounts owed.

WHEREFORE, Plaintiffs pray as follows:

A.  That judgment is entered in favor of Plaintiffs and against Defendant, Clark Plumbing & Heating Champaign, LLC, for all fringe benefit contributions, check-offs, liquidated damages, and interest owed to Plaintiffs for the time period of October 27, 2017 through a future date including without limitation the ending date of any payroll compliance audit, as determined by a payroll compliance audit or otherwise;

B.  That Defendant, Clark Plumbing & Heating Champaign, LLC, is ordered to provide and/or make available to Plaintiffs or their auditor, all of Defendant's payroll and other business records for the time period of October 27, 2017 through a future date determined by Plaintiffs or their auditor;

C.  That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of October 27, 2017 through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorney's fees and costs to which Plaintiffs are entitled to pursuant to the applicable agreements and ERISA;

D.  That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due and owing to the Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, check-offs, liquidated damages, interest, and audit costs;

E.  That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. §1132(g)(2));

F.  That Defendant is decreed to pay all costs attendant to these proceedings;

G.  That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable agreements, or as is otherwise just and equitable.

Respectfully submitted,

EAST CENTRAL ILLINOIS PIPE
TRADES HEALTH & WELFARE FUND,
*et al.*,
Plaintiffs,

By:    s/ Timothy J. Shrake II
      TIMOTHY J. SHRAKE II
      **CAVANAGH & O'HARA LLP**
      Attorneys for Plaintiffs
      2319 W. Jefferson St.
      Springfield, IL 62702
      Telephone: (217) 544-1771
      Facsimile: (217) 544-9894
      timshrake@cavanagh-ohara.com